[Civ. No. 53568. Second Dist., Div. Four. Sept. 14, 1978.]

JOHN ROBERT NEAL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
DEBORAH LYNN NEAL, Real Party in Interest.

848

COUNSEL

Robert P. Lawton and Gary B. Eaton for Petitioner.

No appearance for Respondent.

Charles H. Smith for Real Party in Interest.

## OPINION

FILES, P. J.—A petition for a writ of mandate raises the question whether, under the circumstances shown, the Los Angeles County Superior Court has jurisdiction to modify an Arkansas child custody decree.

The parties were married in California and lived in this state until January 1976. The child was born in California on December 4, 1975. In January 1976 the couple moved to Arkansas, where they resided until the marriage ended in divorce on February 8, 1978. The divorce decree, based on a stipulation of the parties, gave custody to the father, with visitation rights in the mother. On March 10, 1978, in violation of the Arkansas decree, the mother brought the child to California, where she presently resides. On March 27 the father secured, but has not executed, a warrant in lieu of habeas corpus for the return of the child to him.

On March 28, 1978, the mother filed in the respondent court a petition for temporary and permanent child custody.

A hearing was held on March 29, at which the mother testified that while the child had been in Arkansas he had suffered from allergies, which required that he be hospitalized several times; and after three weeks in California he showed no symptoms of allergy. The respondent court therefore ordered temporary custody in the mother, with limited visitation rights to the father, and directed investigation of the facts by the probation department.[1]

Civil Code section 5152, subdivision (1)(b), (enacted in 1973) confers jurisdiction when "It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

We note that clauses (i) and (ii) are in the conjunctive. Conformity with both is indispensable to jurisdiction. It follows that a "significant connection" of the child with the state is a requisite.

---

[1]At oral argument we were informed by counsel that the child had been returned to Arkansas. Neither party contends this proceeding is moot. The proceeding in the Los Angeles County Superior Court has not been dismissed.

■ Subdivision (2) provides: "Except under paragraphs (c) and (d) of subdivision (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination." The statute thus distinguishes between physical presence and "significant connection."

Section 5152 was intended to limit jurisdiction in custody disputes. Subdivision (2) was designed to discourage unilateral removal of children to other states. (See Commissioner's Notes to Uniform Child Custody Jurisdiction Act, § 3, 9 U. Laws Ann. (1973) p. 108.)

Section 5152 cannot reasonably be construed as meaning that the act of a parent, bringing a child to California in violation of a foreign custody order, thereby establishes "a significant connection" of the child with this state for the purpose of making a new custody order. The mother adds nothing to her jurisdictional claim by asserting that California is better for the child's health than Arkansas. Jurisdiction over this issue resides in the State of Arkansas. The claimed availability of evidence in California is not by itself a basis of jurisdiction. The statute unambiguously requires that the child have a significant connection with California, in addition to the availability of "substantial evidence" here.

What the respondent court did here is a classic example of what section 5152 was intended to prevent. Such action invites violation of foreign custody judgments, giving a violator a home court advantage for the next skirmish.

Let a writ of mandate issue commanding the respondent court to vacate its order made March 29, 1978, and dismiss the petition for custody filed by Deborah Lynn Neal on March 28, 1978.

Kingsley, J., and Jefferson (Bernard), J., concurred.