## 37192. YOUMANS v. YOUMANS.

MARSHALL, Justice.

This is an interstate child-custody dispute, which has a typically complex set of facts:

The appellant Vernon T. Youmans and the appellee Vickie F. Youmans were married in 1973, and they became residents of the State of Washington in 1977. On April 16, 1979, the appellant filed a petition in the Superior Court of the State of Washington for Pierce County, seeking a dissolution of the parties' marriage and custody of their three-year-old child. The appellee was personally served with a copy of the petition, and a temporary restraining order was issued prohibiting her from removing the child from the State of Washington. It is undisputed that the appellant subsequently agreed to withdraw the t.r.o. and allow the appellee to return with the child to Savannah, Georgia. It is the appellee's contention that the

appellant agreed to dismiss the divorce petition as well, but this is denied by the appellant. In any event, the appellee did not file any responsive pleadings in the Washington divorce suit.

On October 10, 1979, the appellee filed a petition against the appellant in the Chatham Superior Court seeking a divorce and custody of the parties' minor child. The appellant was served by mail with a copy of this petition. However, his petition for divorce and child custody had not been dismissed in the Washington court; and, following a hearing of which the appellee was not given notice because of her failure to file responsive pleadings, the Washington court on November 6, 1979, entered a decree dissolving the parties' marriage and awarding child custody to the appellant. On December 4, 1979, the appellant answered the appellee's divorce petition in the Chatham Superior Court, and he filed a motion to dismiss because of a prior adjudication of the issues in the November 6 decree issued by the Washington court.

The Chatham Superior Court judge ruled that the Washington child-custody decree is not entitled to recognition under the Uniform Child Custody Jurisdiction Act (Code Ch. 74-5; Ga. L. 1978, p. 258 et seq.) in that the appellee was not given reasonable notice and an opportunity to be heard at the child-custody hearing.

On appeal, the appellant makes essentially two arguments. First, he argues that when the Washington divorce suit was instituted, both he and the appellee were Washington residents. Therefore, the appellant argues that the Washington divorce suit is not governed by the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA). Second, the appellant argues that the appellee was not entitled to notice of the child-custody hearing, because the rule in Washington, as well as the rule in Georgia, is that failure to file defensive pleadings constitutes waiver of notice of the hearing on the final decree. Code Ann. § 81A-105 (a): *Hardwick v. Hardwick,* 245 Ga. 570 (266 SE2d 184) (1980).[1]

The appellee responds that her failure to file defensive pleadings in the Washington divorce suit was caused by fraud and misrepresentation on the part of the appellant. Thus, the appellee argues that the Washington child-custody decree is not entitled to recognition under the full faith and credit clause, in that the

---

[1] However, no default judgment can be taken in divorce, alimony, and child-custody actions. Code § 30-113; *Herring v. Herring,* 246 Ga. 462 (271 SE2d 857) (1980). Thus, even though notice of the hearing on the final decree is waived by failure to file responsive pleadings, the allegations of the petition must still be established by evidence. *Herring v. Herring,* supra.

jurisdiction of the Washington court was procured by fraud. *Gordon v. Gordon,* 237 Ga. 171 (227 SE2d 53) (1976) and cits. *Held:*

As held in *Yearta v. Scroggins,* 245 Ga. 831 (268 SE2d 151) (1980), a child-custody judgment may be entitled to recognition under the UCCJA even though such judgment would not be entitled to full faith and credit. Thus, the question in this case is whether the Washington child-custody decree is entitled to recognition under the UCCJA, rather than as a matter of constitutional law.

The linchpins of the UCCJA are found in §§ 74-514 and 74-515 (Code Ann. §§ 74-514 and 74-515). See Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction under the UCCJA, Bodenheimer, Family Law Quarterly, Vol. XIV, No. 4, Winter 1981.[2]

Section 74-514 requires the courts of this state to recognize and enforce an initial or modification decree of a court of another state "which had assumed jurisdiction under statutory provisions substantially in accordance with this Chapter or which was made under factual circumstances meeting the jurisdictional standards of the Chapter, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this Chapter." Under § 74-515 (a)(1) and (2), a court of this state is forbidden from modifying a custody decree of a court of another state unless the court rendering the decree "does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Chapter or has declined to assume jurisdiction to modify the decree; and . . . [t]he court of this State has jurisdiction."[3]

It appears to us that when an out-of-state custody decree is sought to be enforced in the courts of this state, it must be determined whether the decree is entitled to recognition under § 74-514 regardless of whether the decree was rendered: (1) in an interstate child-custody dispute decided under the UCCJA or under some other

---

[2] Counsel for the appellant has been most helpful in supplying this court with copies of this article from the Family Law Quarterly.

[3] Although the point is not raised here, we do note that § 74-510 requires every party in a custody proceeding to give information under oath as to other litigation concerning custody of the child. The informational requirements of § 74-510 are necessary to the effective functioning of § 74-507, which generally requires a custody proceeding in a court of this state to be stayed if a custody proceeding was pending in another state before the court of this state assumed jurisdiction.

Here, the Chatham Superior Court was not informed of the existence of the Washington custody proceeding until after the Washington custody decree had been rendered. Therefore, it was appropriate for the Chatham Superior Court judge to have determined whether the Washington decree is entitled to recognition, rather than simply to have stayed this proceeding.

body of law; or (2) in an intrastate child-custody dispute decided under another state's divorce or child-custody-determination procedure. As to a decree rendered in an interstate child-custody dispute, the question under § 74-514 would be whether the court of the other state "assumed jurisdiction under statutory provisions substantially in accordance with [the UCCJA]." As to a decree rendered in an intrastate child-custody dispute, the question under § 74-514 would be whether the out-of-state decree "was made under factual circumstances meeting the jurisdictional standards of the [UCCJA]."

The jurisdictional standards of the UCCJA are set out in § 74-504. In essence, § 74-504 (a) establishes "home state" jurisdiction, "significant connection" jurisdiction, "emergency" jurisdiction, and "appropriate forum" jurisdiction; and § 74-504(b) abjures "physical presence" jurisdiction. Section 74-505 does require reasonable notice and an opportunity to be heard to be given to the contestants and other interested persons. Section 74-506 (a) authorizes certain forms of notice for the exercise of jurisdiction over a person outside of the state, and § 74-506 (d) states that notice is not required if a person submits to the jurisdiction of the court.

Washington's assumption of jurisdiction over this child-custody dispute was in conformity with the jurisdictional standards established in § 74-504, for the primary reason that Washington was the home state of the child at the time of the commencement of the divorce proceeding.[4] Service of the divorce petition on the appellee satisfied the requirement of notice contained in §§ 74-505 and 74-506. Therefore, the trial judge should have recognized and given effect to the Washington child-custody decree.

In so holding, we do not overlook the argument made by the appellee that fraud or misrepresentation practiced by the appellant caused her to fail to file responsive pleadings in the Washington divorce suit, thereby resulting in her not receiving notice of the child-custody hearing. However, under the scheme of the UCCJA, the custody decree should not be subject to collateral attack in the courts of this state on such ground. Once the threshold jurisdictional requirements for the out-of-state decree have been established, as they have here, the decree should be recognized and enforced by the courts of this state. If the decree is subject to being set aside on the ground urged by the appellee, the proceeding to set aside the decree

---

[4] Home state jurisdiction is continued under § 74-504 (a)(1) for six months after the child is removed from the home state, if a parent or person acting as a parent continues to live in the home state.

should be instituted in the courts of Washington.
*Judgment reversed. All the Justices concur.*

DECIDED APRIL 8, 1981 —
REHEARING DENIED MAY 5, 1981.

*John Wright Jones, Thomas C. Bordeaux, Jr.,* for appellant.
*John R. Calhoun, Kran Riddle,* for appellee.