64332. BRENNER v. CAVIN.

QUILLIAN, Chief Judge.
We granted this discretionary appeal from a trial court's refusal to enforce a child custody order of another state.

Appellant father and appellee mother were divorced in May, 1979 by the Circuit Court of McHenry County, Illinois, and the mother was given custody of the minor son. From just prior to the divorce until December, 1980, the mother and child lived in Illinois except for a two-week absence in July, 1980 when the mother took her fiance to Georgia to meet her mother and married him. In mid-December, 1980, the mother took the child from Illinois to Georgia without permission of the Illinois court as required by the divorce decree and has lived in Georgia since that time. In January, 1981 the father commenced proceedings against the mother in the Illinois court to enforce the decree and to gain custody of the child. The mother employed an Illinois attorney, entered a general appearance in the case and defended against the father's action. The father filed a petition for modification of the child's custody in May, 1981. In July, the mother discharged the Illinois attorney and did not participate further in the case. After a hearing in July, 1981, of which the mother had notice but did not appear, custody of the child was awarded the father and the mother was directed to return the child to Illinois. When the mother failed to return the child, the father commenced this action to enforce the Illinois custody order and for

habeas corpus. After a hearing the trial court held that the Illinois court did not have jurisdiction to determine the custody of the child under the Uniform Child Custody Jurisdiction Act (UCCJA), Code Ann. § 74-501 et seq (Ga. L. 1978, pp. 258, 259), dismissed the father's petition for enforcement, and assumed jurisdiction under Code Ann. § 74-504 (a) (2). *Held:*

Georgia will recognize and enforce custody modifications of other states where proceedings were in accordance with the provisions of the UCCJA. *Yearta v. Scroggins,* 245 Ga. 831, 833 (268 SE2d 151).

Illinois has enacted the UCCJA and its provisions are substantially the same as those enacted in Georgia.

Code Ann. § 74-504 (a) (1) provides that a court of another state has jurisdiction to make a child custody determination if the state "is the home State of the child at the time of the commencement of the proceeding, or . . . had been the child's home State within six months before the commencement of the proceeding and the child is absent from (the) State because of his removal or retention by a parent claiming custody or for other reasons, and a parent . . . continues to live in (the) State."

" 'Home State' means the state in which the child immediately preceding the time involved lived with his parents, (or) a parent . . . for at least six consecutive months . . . Periods of temporary absence of any of the named persons are counted as part of the six-month . . . period." Code Ann. § 74-503 (e).

Notice of exercise of jurisdiction over a person outside of the state is not required if a person submits to the jurisdiction of the court. Code Ann. § 74-506 (d).

In ruling that the Illinois court did not have jurisdiction to grant custody to the father, the trial court found that the child had "resided" with the mother in Georgia for more than six months before the father commenced his custody modification proceedings in Illinois; or put in the terms of the UCCJA, that the child had not "lived with" its mother in Illinois within six months of the commencement of the proceeding as required by Code Ann. § 74-504 (a) (1).

The trial court apparently interpreted the statutory definition of "home state" of the child (living with the mother in a state for six consecutive months) as being the same as legal residence or domicile of the mother. The only evidentiary support for such an interpretation, from conflicting evidence, was the mother's testimony that when she came to Georgia for two weeks in July, 1980 she became a resident of Georgia at that time, even though she immediately returned to Illinois with her new husband, an Illinois

domiciliary, and lived in Illinois for five more months. (She testified: "I wasn't living there. I was staying there.")

The issue is whether the statutory definition of the child's "home state" means the same as the legal residence of the custodial parent as the trial court apparently determined, or means the child's actual physical presence living with a parent in a state for six consecutive months, regardless of the parent's asserted legal residence elsewhere. This issue has not been decided by the appellate courts of this state.

Generally, the Georgia cases and those of other jurisdictions have not had to make any further definition of "home state" beyond the definition of the statute. *Youmans v. Youmans,* 247 Ga. 529, 532 (276 SE2d 837); *Goldfarb v. Goldfarb,* 246 Ga. 24 (1) (268 SE2d 648); *Burton v. Bishop,* 246 Ga. 153, 154 (269 SE2d 417); and see Annot.: Validity, Construction and Application of Uniform Child Custody Jurisdiction Act, 96 ALR 3d 968, 979, § 4 (b). However, in Bergstrom v. Bergstrom, 271 NW2d 546 (2), the North Dakota Supreme Court agreed with a trial court's finding that "home state," as used in the UCCJA, referred to the state of a child's actual physical presence, not to the state of legal residence, holding that when a child had not lived with its parent in North Dakota for six months, a North Dakota court did not have jurisdiction under the UCCJA even though the parent and child were legal residents of North Dakota.

We agree with the North Dakota court's construction that "home state" means physical presence without regard to legal residence. "Living with" is a commonplace term having no technical meaning and means literally what it says. If the General Assembly had intended that jurisdiction be based upon legal residence or domicile, it would undoubtedly have used these technical terms. Such an interpretation is also consonant with the policy of the UCCJA to eliminate jurisdictional fishing with children as bait, to limit rather than proliferate jurisdiction, and to encourage deference to foreign courts. See generally, 96 ALR 3d 968, 975 § 3, supra, and *Yearta v. Scroggins,* 245 Ga. 831, 832, supra where the court said: "[N]o longer may a parent sit back and ignore custody proceedings in other states relying on the fact that the courts of this State will not enforce such foreign decrees. Those proceedings must be defended in the foreign state, for the resulting decree must be recognized and enforced here. Code Ann. § 74-514."

Whether or not the mother or the child in the instant case were legal residents of Georgia is immaterial as the UCCJA does not confer jurisdiction based upon such status. Therefore, the trial court's finding that the child had resided with the mother in Georgia for six months before the father commenced custody modification

proceedings in Illinois is not supported by the evidence. The mother lived in Illinois and the child "lived with" her there continuously from at least May, 1979 until December, 1980, except for a two-week absence to go to Georgia in July, 1980 where she married her present husband. "Periods of temporary absence . . . are counted as part of the six month . . . period." § 74-503 (e), supra. Thus, Illinois was the child's "home state," and since the father commenced his custody proceeding in May, 1981, less than six months after the mother removed the child to Georgia in December, 1980, the Illinois trial court had jurisdiction to determine the custody of the child under § 74-504 (a) (1). Therefore, the Illinois court's assumption of jurisdiction was in accordance with the jurisdictional standards of the UCCJA.

The Illinois court had jurisdiction over the person of the mother in the modification proceedings as she clearly submitted herself to the jurisdiction of that court. § 74-506 (d), supra.

As to appellee's contention that the Illinois court lacked jurisdiction because of a defect in the father's petition to that court, "under the scheme of the UCCJA, the custody decree should not be subject to collateral attack in the courts of this state on such ground. Once the threshold jurisdictional requirements for the out-of-state decree have been established, as they have here, the decree should be recognized and enforced by the courts of this state. If the decree is subject to being set aside on (other grounds), the proceeding to set aside the decree should be instituted in the courts of (the other state). *Youmans v. Youmans,* 247 Ga. 529, 532, supra.

Accordingly, the trial court erred in ruling that the Illinois court had no jurisdiction to modify custody and in dismissing the petition for enforcement. Therefore, the trial court also erroneously assumed jurisdiction under § 74-504 (a) (2). Code Ann. §§ 74-514 and 515 (a); *Youmans v. Youmans,* 247 Ga. 529, 531-532, supra.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1982 —
REHEARING DENIED OCTOBER 4, 1982 — 

*Mary B. Corbett,* for appellant.
*Donald B. Howe, Jr., Timothy A. McCreary,* for appellee.