## 40357. BINNS v. SMITH.

WELTNER, Justice.

The sole question presented in this appeal is whether or not the provisions of the Uniform Child Custody Jurisdiction Act, OCGA § 19-9-40 et seq. (Code Ann. § 74-501 et seq.), can be the basis for jurisdiction in the courts of this state over a person residing in a foreign country.

The question arises because a former wife, granted custody of the children of the marriage by the Superior Court of Whitfield County, Georgia, has removed from the State of Georgia, and, being now domiciled in Canada, has filed, together with her new husband, adoption proceedings in the courts of that country. Thereafter, the former husband filed an application in the Superior Court of Whitfield County to change custody of the two children, and sought to perfect service on the former wife under the terms of OCGA § 19-9-45 (a)(2) (Code Ann. § 74-506), in the manner apparently appropriate for the service of process in the courts of Canada.

The former wife has not been served within the State of Georgia, nor has she consented to the jurisdiction of Whitfield Superior Court. OCGA § 19-9-52 (Code Ann. § 74-513). To the contrary, she filed a plea to the jurisdiction, the denial of which is the basis of this appeal.

If the Whitfield Superior Court is to have jurisdiction over the former wife and the children, it must be found in OCGA § 19-9-45 (a)(2) (Code Ann. § 74-506), authorizing notice to a person "outside this state" to be given "In the manner prescribed by the law of the place in which the service is made. . . ." As the Act is in the nature of a compact between states of the United States, we interpret the word "place" to be the equivalent of "state," defined in OCGA § 19-9-42 (10) (Code Ann. § 74-503) as "any state, territory, or possession of the United States, the Commonwealth of Puerto Rico, and the District of Columbia." Because foreign nations fall without this provision, it

follows that the Whitfield Superior Court is without jurisdiction over the former wife or the children, and her plea to the jurisdiction should have been sustained.

Nothing we say here is contradictory to *Youmans v. Youmans,* 247 Ga. 529 (276 SE2d 837) (1981), or *Yearta v. Scroggins,* 245 Ga. 831 (268 SE2d 151) (1980), as those cases involved decrees of other states of the United States.

*Judgment reversed. All the Justices concur, except Clarke and Smith, JJ., who dissent.*

DECIDED JANUARY 4, 1984 — REHEARING DENIED JANUARY 18, 1984.

McCamy, Phillips, Tuggle, Rollins & Fordham, Joseph T. Tuggle, Jr., for appellants.
*Donald W. Johnson,* for appellee.

CLARKE, Justice, dissenting.

I find it intolerable that a parent bound by a custody judgment may escape the consequences of the judgment and in fact erase the rights of the other parent by moving to an adjoining country. The fact that the Canadian court has stayed its adoption proceeding pending the litigation in Whitfield County, Georgia, is enough to impress an implied compact between that jurisdiction and this so as to allow the Whitfield County Superior Court to enforce its judgment. For this reason, I must dissent.

I am authorized to state that Justice Smith joins in this dissent.