**Anita ZAPPITELLO, Applicant,**

v.

**The Honorable Scott C. MOSES, Circuit Court Judge, Respondent.**

**No. 16812.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1990.

Decided July 11, 1990.

---

Bradley P. Gordon, Lead, for applicant.

Scott C. Moses, pro se.

Robert A. Haivala, Sturgis, for David Zappitello.

PER CURIAM.

On January 11, 1990, this court entered a writ of prohibition enjoining Circuit Judge Scott C. Moses (Judge Moses) from conducting any further proceedings in the matter entitled David Zappitello v. Anita Zappitello. The writ became effective immediately. This opinion elaborates on that writ. The sole issue for consideration is whether civil matters arising out of the South Dakota Domestic Abuse Act, SDCL 25–10 (Domestic Abuse Act), are subject to the jurisdictional requirements set forth in the South Dakota Uniform Child Custody Jurisdiction Act, SDCL 26–5A (UCCJA). We hold that in cases involving allegations of domestic abuse which involve interstate custody disputes the UCCJA's jurisdictional requirements must be satisfied before South Dakota courts may exercise jurisdiction.

## FACTS/PROCEDURAL HISTORY

In April of 1986, David Zappitello (father) and Anita Zappitello (mother) separated. Mother and the four minor children moved to Denver, Colorado. Father remained a resident of Lawrence County, South Dakota. Mother and father were divorced on August 10, 1987, in Lawrence County. Pursuant to the divorce decree mother was given custody of the children. Father was granted reasonable visitation rights including temporary custody of the children during each summer beginning approximately June 15 and ending approximately August 1.

In June 1989, father exercised his temporary custody rights and returned the children to South Dakota for the summer. On August 4, 1989, one day prior to the children's scheduled return to their mother in Denver, father petitioned Judge Moses for a protection order pursuant to the Domestic Abuse Act. The petition alleged that the children had been victims of domestic abuse.*

At the hearing on the application for protection order, mother requested that Judge Moses transfer the matter to the Colorado courts because South Dakota had no jurisdiction as a result of the UCCJA. Mother argued that the provisions of the UCCJA, including the jurisdictional prerequisites, applied to a case involving claims under the Domestic Abuse Act. Judge Moses specifically held that the UCCJA had no application to claims arising out of the Domestic Abuse Act and proceeded with the

---

* Inasmuch as this decision only addresses jurisdictional issues and does not concern the merits of the domestic abuse allegations, it is not necessary for this court to enumerate each of the alleged instances of domestic abuse, nor is it necessary for this opinion to address evidence presented by either party going to the merits of the domestic abuse claim.

hearing. At the completion of the hearing, Judge Moses found that domestic abuse had occurred and ordered that temporary custody be placed with the father.

■ Mother filed an application for alternative writ of prohibition with this court. A writ of prohibition is an extraordinary remedy which "arrests the proceedings, administrative or judicial, of any tribunal, corporation, board, or person, when such proceedings are without or in excess of the jurisdiction" of that body. SDCL 21–30–1. When a circuit court lacks subject matter or personal jurisdiction and the applicant has no plain, speedy, and adequate remedy in the ordinary course of law against the circuit court's erroneous assumption of jurisdiction, the Supreme Court may issue a writ of prohibition. *South Dakota Board of Regents v. Heege*, 428 N.W.2d 535 (S.D. 1988). We entered an alternative writ of prohibition to Judge Moses and also entered an order requiring Judge Moses to show cause why the writ of prohibition should not be made permanent. Judge E.W. Hertz was appointed as a referee to take testimony and to submit his findings and recommendations to this court. After reviewing the referee's report, and upon notice to the parties, this Court agreed with the referee and entered a writ of prohibition permanently restraining and enjoining Judge Moses from conducting any further proceedings in the matter (we also set aside the temporary custody order issued by Judge Moses).

## DECISION

This case involves the precise difficulties arising out of divorce and child custody disputes which the UCCJA was intended to prevent. As this court has previously stated, the UCCJA is designed to: (1) avoid jurisdictional competition and conflict; (2) promote cooperation with the courts of other states; (3) assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available; (4) discourage continuing controversies over child custody; (5) deter abductions and other unilateral removals of children undertaken to obtain custody awards; (6) avoid re-litigation of custody decisions of other states; (7) facilitate the enforcement of custody decrees of other states; (8) promote and expand the exchange of information and other forms of mutual assistance between courts; and (9) make uniform the laws of those states which enact it. *Winkelman v. Moses*, 279 N.W.2d 897, 898–99 (S.D.1979).

Perhaps most important for our consideration of this case, the UCCJA is intended to assure that litigation concerning the custody of a child takes place in the state in which the child and his family have the closest connection and where significant evidence concerning the child's care, protection, training and personal relationships is most readily available. *Id.* The underlying policy of the UCCJA is to eliminate forum shopping and to enable the courts to act in the best interests of the child. *Id.*

The UCCJA applies to cases involving the Domestic Abuse Act. The UCCJA is intended to apply to all "court decision[s] and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person[.]" SDCL 26–5A–2(2). Further, the UCCJA provides that the term "custody proceeding" includes "proceedings in which a custody determination is one of several issues, such as an action for divorce or separation, and includes child neglect and dependency proceedings[.]" SDCL 26–5A–2(3). Thus the UCCJA was intended to limit jurisdiction in interstate custody disputes. *Neal v. Superior Court of Los Angeles Cty.*, 84 Cal. App.3d 847, 148 Cal.Rptr. 841 (2nd Dist. 1978). *See also Warman v. Warman*, 294 Pa.Super. 285, 439 A.2d 1203, 1209 (1982) ("The intent is that all determinations covering the issue of the actual physical possession and control of the child *are* to be covered by this Act, whether they are linked to other matters in a single document or whether they stand alone.")

Consequently, when the facts of a Domestic Abuse Act case contain issues of divergent citizenship, the UCCJA applies. At that point, a court has an affirmative duty to question its jurisdiction. *Hepner v. Hepner*, 469 N.E.2d 780, 784 (Ind.Ct.App. 1984); *Clark v. Clark*, 404 N.E.2d 23, 27 (Ind.Ct.App.1980). A trial court must first proceed with an analysis of the jurisdictional requirements set forth in the UCCJA in order to determine whether the court may properly exercise jurisdiction.

The UCCJA, as presently enacted in South Dakota, sets forth four situations in which a state court may properly choose to exercise jurisdiction over interstate child custody disputes. The first instance arises when South Dakota is the home state of the child at the commencement of the proceeding or had been the child's home state within six months before the commencement of the proceeding. SDCL 26–5A–3(1). Second, the court may exercise subject matter jurisdiction if

[i]t is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships[.]

SDCL 26–5A–3(2).

Third, if "[t]he child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent ..." the court may exercise subject matter jurisdiction. SDCL 26–5A–3(3). *See also Johnson v. District Court*, 654 P.2d 827 (Colo.1982). The fourth and final instance in which the courts may exercise jurisdiction is when no other state would have jurisdiction over the matter or another state has declined jurisdiction on the ground that this state is the more appropriate forum *and* it is in the best interest of the child that the court assume jurisdiction. SDCL 26–5A–3(4).

Finding of any of the grounds is sufficient to confer jurisdiction. *Johnson*, 654 P.2d at 829. After determining that jurisdiction exists under SDCL 26–5A–3, the court must determine whether jurisdiction should be exercised. *Id.; Levy v. Levy*, 105 Ill.App.3d 355, 61 Ill.Dec. 247, 434 N.E.2d 400 (1982). In order to determine whether jurisdiction should be exercised the court should analyze the case in light of SDCL 26–5A–6 (simultaneous proceeding in other states), 26–5A–7 (inconvenient forum) and 26–5A–8 (reasons of conduct). *See e.g. Levy*, 61 Ill.Dec. at 252–53, 434 N.E.2d at 405–06.

The circuit court assumed jurisdiction over this matter and specifically held that the terms of the UCCJA were inapplicable to an action brought under the Domestic Abuse Act. Our writ of prohibition prevented the circuit court from exercising jurisdiction because it was not established that the circuit court had found the requisite jurisdiction under the terms of the UCCJA.