## 32096. SAADE v. SAADE.

INGRAM, Justice.

This is an appeal by the husband from a final divorce decree entered in Gwinnett Superior Court. There are 9 enumerations of error. Several relate to rulings made by the trial judge during a contempt hearing and the remainder deal with the divorce, child support and custody of the minor children. Enumerations of error 2, 4, 6 and 7 are not supported by citations of authority or argument. These must be considered as abandoned under Rule 18 (c) (2) of this court.

In this first enumeration of error, appellant complains that the trial court erred in entering the final decree without making findings of fact and conclusions of law. We find no merit in this enumeration. The trial court specifically noted in the final decree "that an agreement settling all issues between the parties had been reached subsequent to the striking of a jury for the trial of the case ..." Under these circumstances, Code Ann. § 81A-152 (a), requiring findings of fact and conclusions of law is inapplicable.

In enumeration of error No. 3, appellant contends that it was reversible error for the trial court to fail to incorporate into the final decree a certified copy of a juvenile court order establishing custody of the children. The custody issue was properly decided by the juvenile court. We find no error as the trial court noted in the divorce decree that the custody issue had been decided by the juvenile court. It was unnecessary to incorporate the juvenile court's custody judgment in the divorce decree.

In enumerations of error 5, 8 and 9, appellant argues that it was error for the trial court to require that child support payments be made to the wife because she no longer had custody of the children. These enumerations

have no merit because, by its terms, the decree specifies that the payments be made to the "legal custodian" of the children.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Hall and Hill, JJ., concur.*

SUBMITTED MARCH 4, 1977 — DECIDED APRIL 7, 1977.

*Craig & Elrod, Jack T. Elrod,* for appellant.
*James W. Garner,* for appellee.