### 33619. ANGLON v. GRIFFIN.

HALL, Justice.
This is the appeal of a former wife from an order of the Superior Court of Dougherty County which dismissed her complaint against her former husband to collect past due child support payments. We reverse, finding that her complaint states a claim for relief.

In April, 1962, the parties were separated, but no divorce was in progress. In Ben Hill Superior Court, former husband filed a habeas corpus action seeking custody of their child. The superior court awarded the former wife custody and $90 per month for support of herself and the child. Subsequently, mother and child

moved to Florida where she obtained a Florida order of divorce, custody, and support of $100 per month. No personal jurisdiction of the former husband was obtained by the Florida court, and she acknowledges here that so much of the Florida order as awarded her alimony and child support was therefore invalid. Of course, the divorce itself and the custody award were valid. *Boggus v. Boggus,* 236 Ga. 126, 128 (223 SE2d 103) (1976).

The issue is the effect the Florida divorce decree had upon the prior Georgia custody and support order of April, 1962. In former wife's suit to collect past due payments, the trial court found that the Florida decree (even though invalid in its support provisions) had superseded the Georgia decree and any duty to pay under the Georgia order ceased on the day of the Florida decree. This was error.

Where a wife waives a hearing as to alimony in a divorce proceeding, a prior alimony award in a separate maintenance action remains in effect. *Shepherd v. Shepherd,* 241 Ga. 484 (1978); s.c., 236 Ga. 425, 426 (233 SE2d 818) (1976). Cf., *Saade v. Saade,* 238 Ga. 620 (234 SE2d 530) (1977). We think that where an invalid alimony award is entered in the subsequent suit, the same result obtains. It follows that a divorce decree does not automatically eliminate a former alimony award, and if it does not, it stands to reason that the elimination of a former child support award is even less logical. In any event, the alimony and child support provisions of the Georgia judgment were indivisible. The fact that the subsequent divorce was obtained in a foreign jurisdiction does not alter this result. Estin v. Estin, 334 U.S. 541 (1948). See generally Annots., Foreign Divorce, 1 ALR2d 1423 (1948); Divorce as Terminating Alimony, 166 ALR 1004 (1947).

The former husband argues that the April 1962 Georgia order was entered in a habeas action, and therefore the trial court was without authority to award child support. We do not agree. "This court has held that, in an order [in a habeas corpus action] changing child custody from one party to the other, the court can provide therein that the child support shall be payable to or by the person to whom custody is awarded." *Beasley v. Lamb,* 227 Ga. 266, 267

(180 SE2d 240) (1971). See also Code Ann. § 74-106. We find former husband's argument to the effect that in the present case custody was not "changed," and therefore *Beasley* does not apply, to be too technical. The habeas action appears from the record to be the initial action settling custody following the marital separation of the parties, and a support award is appropriate in those circumstances.

It follows that the trial court erred in ruling that former husband was not indebted to former wife for child support in any amount. This appeal must be reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 6, 1978 — DECIDED JULY 6, 1978.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*Glenn Whitley, Don Rentz,* for appellee.