## 33449. BROWNE v. BROWNE.

HILL, Justice.

In this no-fault divorce case, the wife appeals the granting of the husband's motion for summary judgment as to the wife's claim for permanent alimony. The trial court held that the wife's alimony claim in the divorce case was barred by a final order entered in an earlier separate maintenance action which was resolved by agreement of the parties. That earlier order incorporated the parties' agreement as to property rights, alimony, maintenance and division of property, including periodic payments of alimony to the wife. The agreement did not provide that in the event either party sued for divorce, the agreement should be incorporated into the divorce decree.

By the terms of Code Ann. § 30-213, when a petition for divorce is filed after a separate maintenance order has been entered, an order for alimony entered in the divorce case shall be a substitute for the separate maintenance order. It follows that when, in a divorce case, the trial court adjudicates the issue of permanent alimony, the prior maintenance award is entirely superseded. See *Anglon v. Griffin,* 241 Ga. 546 (1978); *Shepherd v. Shepherd,* 233 Ga. 228, 231 (210 SE2d 731) (1974); s. c., 236 Ga. 425, 426 (223 SE2d 818) (1976); s.c., 241 Ga. 484 (1978). See also *Tobin v. Tobin,* 93 Ga. App. 568 (5) (92 SE2d 304) (1956). Thus, unless the wife has waived or lost her right to alimony, the court hearing a divorce case has the authority, if alimony is sought and it sees fit to do so, to enter a permanent alimony award which will supersede a prior separate maintenance judgment.

We have reviewed the agreement between the parties incorporated in the order in the separate maintenance action and find no clear waiver of the wife's right to claim—and thus relitigate (see Code Ann., § 30-220)— alimony in the divorce action. The separate maintenance agreement states that the parties are "desirous of settling their property rights, alimony, maintenance, division of property. . ." and that the terms of the agreement may not be modified or waived except in writing signed by both parties. These provisions do not constitute a waiver of the wife's right to seek alimony in a subsequent divorce ac-

tion. *McClain v. McClain,* 241 Ga. 422 (1978); *Fech v. Fech,* 241 Ga. 613 (1978); *Kitfield v. Kitfield,* 237 Ga. 184, 185-186 (227 SE2d 9) (1976); *McLoughlin v. McLoughlin,* 234 Ga. 259 (214 SE2d 925) (1975). Accordingly, the summary judgment denying the wife's claim for alimony is reversed.

*Judgment reversed. All the Justices concur, except Bowles, J., who dissents.*

SUBMITTED MARCH 31, 1978 — DECIDED SEPTEMBER 8, 1978.

*Roses & Calloway, Vincent W. Roses, Jr.,* for appellant.
*Frank & Leavenworth, Steven L. Frank,* for appellee.