## 35914. GOLDFARB v. GOLDFARB.

JORDAN, Presiding Justice.

This appeal presents a challenge to the constitutionality of a provision of the Uniform Child Custody Jurisdiction Act (hereinafter the UCCJA), adopted by Georgia and effective as of January 1, 1979, and found in Code Ann. Chap. 74-5.

Carolyn and David Goldfarb were divorced in Pennsylvania in 1972. An extensive agreement governing, among other things, the custody of the couple's three children was negotiated between them but not incorportated into the divorce decree. Under the terms of this agreement Mrs. Goldfarb would have custody of the children as long as they were minors, but custody has not been previously adjudicated by any court. Mrs. Goldfarb and the children moved to Georgia and have resided here since 1974, with the exception of the children's visits with their father. Dr. Goldfarb moved to Arizona and remarried. In 1978, Mrs. Goldfarb brought suit against Dr. Goldfarb in Arizona alleging several breaches of their agreement. In

1979, following the children's customary summer visit to Arizona, Dr. Goldfarb failed to send the two boys back to Georgia, though earlier he had permitted the daughter to return at her request.

Mrs. Goldfarb filed a motion in her pending Arizona lawsuit seeking the immediate return of her two sons. The motion was denied by the Arizona court apparently for lack of subject matter jurisdiction, though this does not appear affirmatively from the record.[1] Three days after her unsuccessful attempt to have the Arizona courts take cognizance of her action, Mrs. Goldfarb filed a custody action in DeKalb County pursuant to the UCCJA.

Dr. Goldfarb moved to dismiss the Georgia suit for lack of personal jurisdiction. This motion was denied, and, after a hearing on the matter, the trial court filed its findings of fact and conclusions of law awarding permanent custody of the children to Mrs. Goldfarb and setting out Dr. Goldfarb's rights to visitation. Dr. Goldfarb returned the children to Mrs. Goldfarb in compliance with the order.

Dr. Goldfarb appeals, contending that § 3 of the UCCJA, Code Ann. § 74-504, is unconstitutional in that it permits Georgia courts to make a custody determination without necessarily having personal jurisdiction of both parents in contravention of the due process clause of the fourteenth amendment of the Constitution of the United States. For reasons fully set out below, we find that § 3 of the UCCJA is constitutional, and we affirm the decision of the trial court.

1. Section 3 of the UCCJA provides in pertinent part as follows: "A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if ... [t]his State (A) is the home State of the child at the time of commencement of the proceedings, or (B) had been the child's home State within six months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State. ..." As to the daughter, subsection (A) applies since this is her home state and she was present in Georgia at the commencement of the suit. As to the two sons, subsection (B) applies since Georgia was their home state six months prior to this suit, though they remained in Arizona pending its outcome.

Dr. Goldfarb relies principally on two United States Supreme Court decisions. In May v. Anderson, 345 U. S. 528 (73 SC 840, 97 LE

---

[1] Arizona has adopted the UCCJA.

1221) (1953), Justice Burton, writing for the majority, concluded that a court adjudicating an individual's right to custody must have had personal jurisdiction over that individual in order for a second state, the forum state being asked to domesticate that judgment, to accord its judgment full faith and credit. Justice Frankfurter's concurring opinion, widely acknowledged as having set forth the better view, insisted that his support for this view was based on the premise that a state with any justifiable interest in a child's welfare need never accept a prior decision reached in another state if for valid reasons it might differ with the result reached. See Clark, Domestic Relations, § 11.5, p. 324 (1968); Bernard and Johnson, "The Jurisdiction of Texas Courts in Interstate Child Custody Disputes: A Functional Approach," 54 Tex. L. Rev. 1008, 1011-1013 (1976); Kovacs v. Brewer, 356 U. S. 604 (78 SC 963, 2 LE2d 1008) (1958); Borys v. Borys, 386 A2d 366, 371 (N. J. S. C. 1978). That May v. Anderson, supra, has been severely criticized is without dispute. Clark, supra.

The second case Dr. Goldfarb urges is Kulko v. Superior Court of California, 436 U. S. 84 (98 SC 1690, 56 LE2d 132) (1978). Kulko held that a forum state must have personal jurisdiction over an individual to enforce a child support judgment against him even though the forum is the domicile of the children and the custodial parent. Dr. Goldfarb thus attempts to extrapolate a theory that due process is not afforded one who refuses to defend a custody action in a foreign state because any judgment rendered there need not be given full faith and credit in his home state and because the foreign state could not enforce a money judgment against him. We cannot accept this reasoning. May and Kulko are distinguishable on their face. This case presents no full faith and credit problem, as did May, since the Georgia mother is not attempting to domesticate this judgment elsewhere;[2] and Dr. Goldfarb's liability concerning child support payments is not being litigated in Georgia but in Arizona, his home state. Our issue is squarely whether one's due process rights are violated when, with full notice, a foreign state adjudicates his right to the custody of his children without personal jurisdiction over him.

Section 79 of the Restatement, Second, Conflict of Laws, p. 237 (1969), provides as follows: "A state has *power* to exercise judicial jurisdiction to determine the custody, or to appoint a guardian, of the person of a child or adult (a) who is domiciled in the state, or (b)

---

[2] Even if this case did involve a full faith and credit problem, we would be forced to hold against Dr. Goldfarb. See, *Yearta v. Scroggins,* 245 Ga. 831 (1980).

who is present in the state, or (c) who is neither domiciled nor present in the state, if the controversy is between two or more persons who are personally subject to the jurisdiction of the state." (Emphasis supplied.)

It is clear that under this rule more than one state might have concurrent jurisdiction of a child custody action. See also, Sampsell v. Superior Court, 197 P2d 739 (1948). More than one state might have the *power* to adjudicate child custody because each state's primary task is to inquire into and promote the best interests of the child. See, e.g., Code Ann. § 74-107 (a); Kovacs v. Brewer, supra. For appropriate reasons, a state with jurisdiction might decline to exercise it. See, e.g., Doe v. Roe, 387 NE2d 143 (Mass. S.C., 1979). But as to the basic requirement a court must fulfill, we note the following: "The minimum nexus between court and child that must exist before the court's award of the child's custody should carry any authority is that the court should have been in a position adequately to inform itself regarding the needs and desires of the child, of what is in the child's best interests. And the very least that should be expected in order that the investigation be responsibly thorough and enlightening is that the child be physically within the jurisdiction of the court and so available as a source for arriving at Solomon's judgment." Kovacs v. Brewer, supra, 356 U. S. at 613 (quoting from Justice Frankfurter's dissent). Similarly, a court will exercise jurisdiction when "(a) the child's welfare demands that the court grant a decree . . . and (b) the situation of the child and his parents . . . is such that the court will be able to enforce any decree it may give. . ." Clark, supra at 320.

Unquestionably, Georgia can enforce its decree in this case. This is the home state of the children and their custodial parent by valid agreement. The relevant evidence concerning the children's welfare is here in Georgia. See Bernard and Johnson, supra, at 1020. Furthermore, it was imperative that the trial court in this case take it upon itself to make this decision, even though Arizona had concurrent jurisdiction since it had personal jurisdiction over both parents, because the Arizona courts declined entertaining the question of the custody of the Goldfarb children.

Once again, the nexus between the forum state and the subject of a child custody suit a court reviewing the validity of jurisdiction must find is the connection between the forum state and the child. Rules have been prescribed to insure that the nexus is strong, e.g., the Restatement of Conflicts rules, and the UCCJA recognizes and gives effect to these rules. When a due process violation is alleged, we cannot be sidetracked by arguments founded in the full faith and credit clause. See Borys v. Borys, supra at 375. There are certainly

judgments valid in one state and binding to anyone within its bounds which need not be given force elsewhere. Those judgments dealing with the welfare of a child may be given peculiar scrutiny in each interested state, but they are not less valid within the boundaries of the state rendering them. See, May v. Anderson, supra.

Section 3 of the UCCJA, consistent with the overall policy of the UCCJA, allows an interested state with the requisite nexus with the subject of a child custody suit to hear the action and make a determination, and Dr. Goldfarb may not be heard to allege that Georgia's contacts with this proceeding are too tenuous to be valid.

2. Dr. Goldfarb's motion for relief pendente lite is denied without prejudice.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 11, 1980 — DECIDED JUNE 11, 1980.

*Hansell, Post, Brandon & Dorsey, Herbert P. Schlanger, Trammell E. Vickery,* for appellant.

*McLaughlin & Coursey, Daniel M. Coursey, Jr.,* for appellee.