S93A1789. HONEY v. HONEY.
(438 SE2d 87)

SEARS-COLLINS, Justice.

OCGA § 19-6-15 (e) and (f), which became effective July 1, 1992, permit a trier of fact in a divorce or modification action to require child support payments to continue after a child reaches the age of 18 if that child is not married or emancipated and if that child is enrolled and attending high school, with the requirement that such support cannot be required after the child turns 20. Before the effective date of § 19-6-15 (e) and (f), a parent could not be required to provide child support after his or her child turned 18. We granted an application to appeal in this case to consider whether a divorce decree issued before July 1, 1992, may be modified under OCGA § 19-6-15 (e) and (f).

OCGA § 19-6-15 (f) provides as follows:

> The provisions of subsection (e) of this Code section shall be applicable only to a temporary order or final decree for divorce, separate maintenance, legitimation, or paternity entered on or after July 1, 1992, and the same shall be applicable to an action for modification of a decree entered in such an action entered on or after July 1, 1992, only upon a showing of a significant change of material circumstances.

We conclude that the plain language of § 19-6-15 (f) itself precludes a divorce decree entered before July 1, 1992, from being modified under § 19-6-15 (e) and (f). In this case, because the appellant's and the

appellee's divorce decree was entered in 1987, the trial court erred in applying § 19-6-15 (e) and (f) to modify the appellant's child support obligation.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 10, 1994.

*Paul R. Koehler*, for appellant.
*Richard L. Moore, Nancy H. Syrop*, for appellee.