A95A2098. GARRETT v. GARRETT.
(469 SE2d 330)

BEASLEY, Chief Judge.

Cynthia Garrett asks us to revive the child custody action she filed against her former husband, Dr. Wayne Garrett, but the trial court did not err in dismissing it.

Since filing for divorce, Ms. Garrett has been involved in almost constant litigation with Dr. Garrett in two states. She and Dr. Garrett separated in November 1991, and she moved from their home in Mar-

shall County, Alabama, to Georgia with their six-month-old daughter. Ms. Garrett then filed for divorce in the circuit court in Alabama, which entered a divorce decree on April 28, 1993, granting custody of the child to her and visitation privileges to the father. Raising objections over the court's property division and child support rulings, she appealed the judgment to the Alabama Court of Civil Appeals, which affirmed the judgment on April 22, 1994. *Garrett v. Garrett*, 637 S2d 1376 (Ala. Civ. App. 1994).

Approximately 40 days later, Ms. Garrett filed this action in Gwinnett Superior Court and sought the "emergency jurisdiction" of the court to suspend and modify the Alabama custody and visitation decree because, she alleged, Dr. Garrett had sexually molested their daughter when she visited him in Alabama during late May 1994. The trial court gave emergency relief by granting a temporary order suspending visitation, and it ordered a hearing. At the July hearing, Ms. Garrett's attorney stated in his place that the daughter told Ms. Garrett her father put his "skin" in her mouth and that Atlanta-based experts, including social workers, had interviewed her and believed she was relating a credible account of sodomy. None of these experts testified, and the parties stipulated that Ms. Garrett and the couple's daughter had lived in Georgia since November 1991.

After this action was filed but prior to the July hearing, the circuit court in Alabama entered an order claiming jurisdiction over the custody and visitation issues, forbidding Ms. Garrett to proceed with the Georgia case and inviting her to file a modification petition in that court. On this basis, Dr. Garrett moved at the July hearing for dismissal of the Georgia action for lack of personal and subject matter jurisdiction. The superior court decided to "continue everything" to allow Ms. Garrett time to respond.[1] A new hearing was scheduled for September 1994 but was never held, and the issue of jurisdiction was submitted to the court on briefs only. The court dismissed the action after it found the Alabama court retained jurisdiction and determined, for that reason, that it "should not" exercise any jurisdiction. The only issue before us is whether the Georgia court should have exercised jurisdiction.

When two parents have sought help from the courts of two separate states to resolve a child custody dispute, the Parental Kidnapping Prevention Act ("PKPA"), 28 USC § 1738A, determines which court should give that assistance. *Wilson v. Gouse*, 263 Ga. 887, 889 (1) (441 SE2d 57) (1995). This "rule of decision for courts to use in adjudicating custody disputes" governs the decision in this case. *Thompson v. Thompson*, 484 U. S. 174, 183 (108 SC 513, 98 LE2d

---

[1] It appears from the record that the suspension of visitation continued.

512) (1988); *Bergmann v. McCullough*, 218 Ga. App. 353, 354 (1) (461 SE2d 544) (1995).

Under the PKPA, the Georgia court could not modify the Alabama court's custody and visitation ruling included with its April 28, 1993, divorce decree so long as that ruling was made consistently with the provisions of the PKPA, *unless* 1) the Georgia court had jurisdiction over the dispute *and* 2) the Alabama court either had lost jurisdiction or had declined to exercise it. 28 USC § 1738A (a), (f).

The parties do not dispute that the Alabama court had jurisdiction under the PKPA to enter its original order of April 1993. Indeed, Ms. Garrett filed that action and appealed portions of the judgment, at no time questioning the jurisdiction of the court to hear the matter. *Garrett*, supra. Neither do the parties dispute that Georgia is the "home state" of their child and was such for six months before Ms. Garrett filed this action. That fact alone would give the Georgia court jurisdiction over the dispute. 28 USC § 1738A (b) (4), (c) (1), (c) (2) (A); OCGA § 19-9-43 (a) (1). The parties agree that the Alabama court has claimed jurisdiction, but they diverge on one crucial question: whether the court in Alabama "lost" jurisdiction when it issued its final order of April 1993.

Subsection (d) of the PKPA provides that a court of the state which made the original custody ruling retains *continuing* jurisdiction of the matter so long as 1) at least one of the parents or the child remains a resident of that state and 2) the laws of that state allow its courts to retain such jurisdiction. 28 USC § 1738A (c) (1), (d). The parties agree that Dr. Garrett remains a resident of Alabama, as he was when the parties separated. On its face, the divorce decree contemplated modification. While the decree forbade Dr. Garrett from flying the parties' child in a plane, it also provided for modification "upon a showing that the child is not frightened by such transportation." The decree's custody, child support, and visitation provisions stated: "Only the court has the right to punish for failure to comply with its orders."

Alabama law allows the assertion of continuing jurisdiction made by the Alabama court and finds the Georgia court did not err in dismissing the Georgia action.

We reach this conclusion by using the procedure outlined in *Gouse*, supra, in which the Supreme Court examined Ohio law to determine if Ohio courts would allow the assertion of continuing jurisdiction over a custody dispute stemming from an Ohio divorce decree. Id. at 894, n. 7 (3). There are numerous Alabama appellate decisions holding that Alabama courts may assert continuing jurisdiction under the PKPA, subsection (d), in circumstances similar to these. For example, in *Lyon v. Lyon*, 618 S2d 127, 129 (Ala. Civ. App. 1992), the appellate court found "continuing preferred jurisdiction" over a cus-

tody decree issued several years before by an Alabama court, even though the mother and child had become residents of Virginia and the father continued to live in Alabama. Similarly, in *Blankenship v. Blankenship*, 534 S2d 320, 321 (Ala. Civ. App. 1988), the court found continuing jurisdiction in the Alabama court which granted the original divorce although the mother and child had become residents of Iowa. See also *Russo v. Myers*, 588 S2d 887 (Ala. Civ. App. 1990), aff'd *Ex parte Russo*, 588 S2d 889 (Ala. 1991); *Sebeniecher v. Corl*, 567 S2d 321, 323 (Ala. Civ. App. 1990); *Via v. Johnston*, 521 S2d 1324, 1326 (Ala. Civ. App. 1987).

This position was recently cited with approval by the Alabama Supreme Court in *Ex parte J. R. W.*, ___ S2d ___ (Ala. 1995). Dr. Garrett also cites *Ex parte State ex rel. McLaughlin*, 35 S2d 507, 509 (Ala. 1948), for the proposition that Alabama courts retain equity jurisdiction over the minors whose custody they adjudicate, a principle recognized in *Thompson*, supra, 484 U. S. at 180. While the Supreme Court in *Gouse* found appellate decisions showing Ohio trial courts should not retain continuing jurisdiction when the child has spent several years in a new "home state," there is contrary authority in Alabama. See *Gouse*, supra at 890-893 (2, 3).

Whether another state's court has jurisdiction is a question of fact for the trial court to decide. *Mulle v. Yount*, 211 Ga. App. 584, 585 (1) (440 SE2d 210) (1993). Although Georgia law prefers that custody disputes be determined in a child's "home state," there are situations in which the state which made the original custody decision is a more appropriate forum. *Williams v. Goss*, 211 Ga. App. 195, 196 (438 SE2d 670) (1993). Upon consideration of the above-cited authority and the short length of time between the termination of the Alabama divorce litigation in April 1994 and the filing of this Georgia action in June 1994, we cannot conclude that the Georgia court's finding of jurisdiction in the Alabama court was "clearly erroneous." *Yount*, supra at 585 (1).

We do not reach the issue of whether the Georgia court properly exercised "emergency jurisdiction" to temporarily suspend visitation, as that issue is moot. OCGA § 19-9-43 (a) (3); *Osgood v. Dent*, 167 Ga. App. 406 (1) (306 SE2d 698) (1983). Ms. Garrett sought and received that emergency relief through a temporary order suspending visitation. See also *Shook v. Shook*, 651 S2d 6, 9 (Ala. Civ. App. 1994) (emergency jurisdiction lasts only until proper forum is determined).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

Decided February 12, 1996 — ▉▉▉▉▉▉▉▉▉▉

*Weekes & Candler, Terri A. Candler, Margaret C. Courtright,*

for appellant.

*Lawler & Tanner, Nancy F. Lawler, Stephen E. Boswell,* for appellee.