### S96G0925. GARRETT v. GARRETT.
(477 SE2d 804)

CARLEY, Justice.

In March 1990, Ms. Cynthia Garrett and Dr. Wayne Garrett were married in Alabama and, in May 1991, their daughter was born in that state. In October 1991, Ms. Garrett and Dr. Garrett separated. The next month, Ms. Garrett and the child moved to Georgia, but Dr. Garrett remained a resident of Alabama. In January 1992, Ms. Garrett filed for divorce in Alabama. Neither Ms. Garrett's custody of the child nor Dr. Garrett's visitation rights with the child was a contested issue in the Alabama divorce proceeding. The final divorce decree was entered in April 1993 and was affirmed by the Alabama Court of Civil Appeals in April 1994. In June 1994, Ms. Garrett filed a petition in the Superior Court of Gwinnett County, invoking the "emergency" jurisdiction of that Georgia court for the purpose of seeking a modification of the Alabama divorce decree. According to the petition, Dr. Garrett's visitation rights should be modified because he had molested the child during one of her visits with him in Alabama. The Georgia court entered an ex parte order temporarily modifying Dr. Garrett's visitation rights. Thereafter, Dr. Garrett moved the Alabama court to cite Ms. Garrett for her alleged contempt of the visitation provisions of the Alabama divorce decree and, in July 1994, the Alabama court held that it had jurisdiction over the child custody issue. The Georgia court then dismissed Ms. Garrett's modification action, on the ground that the Alabama court had continuing jurisdiction over the child custody issue. Ms. Garrett's application for a discretionary appeal was granted by the Court of Appeals and the dismissal of her Georgia modification action was affirmed. According to the Court of Appeals, "Alabama law allows the assertion of continuing jurisdiction made by the Alabama court and . . . the Georgia court did not err in dismissing the Georgia action." *Garrett v. Garrett,* 220 Ga. App. 172, 174 (469 SE2d 330) (1996). We granted Ms. Garrett's application for certiorari in order to determine whether the Court of Appeals correctly held that the Alabama court retained jurisdiction of the custody dispute.

1. The Parental Kidnapping Prevention Act (PKPA), 28 USC § 1738A, "limits when a state, which would otherwise have jurisdiction over a child custody dispute, may modify the custody order of another state. . . ." *Wilson v. Gouse*, 263 Ga. 887, 890 (2) (441 SE2d 57) (1994). Pursuant to section (f) of the PKPA, a court of one state can modify the child custody order of another state's court only if:

> (1) it has jurisdiction to make such a child custody determination; *and*
> (2) the court of the other [s]tate no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

(Emphasis supplied.) Accordingly, a Georgia court cannot modify the original Alabama child custody decree at issue in this case simply because it has the jurisdiction to do so. A Georgia court can modify that original Alabama child custody decree only if it has the jurisdiction to do so *and* the Alabama court either no longer has jurisdiction or has declined to exercise its jurisdiction.

It is clear that the Georgia court has jurisdiction to modify the original Alabama child custody order, since Georgia is now the "home state" of Ms. Garrett and the child. OCGA § 19-9-43 (a) (1) (A). Therefore, resolution of this case is dependent upon whether the Alabama court has continuing jurisdiction to modify its original child custody order or has declined to exercise its continuing jurisdiction to do so. If the Alabama court has continuing jurisdiction to modify its original child custody order and has not declined to exercise that jurisdiction, then the PKPA limits the exercise of the Georgia court's jurisdiction to do so.

2. The PKPA provides that the Alabama court will not lose jurisdiction to modify its original child custody order so long as jurisdiction continues under its state's laws and Alabama remains the state of residence of the child or of either of her parents. *Wilson v. Gouse*, supra at 890 (2).

> By its express terms, § 1738A (d) establishes a two-prong test for determining whether the jurisdiction of a state court which has made a child custody determination consistent with the PKPA is continuing. Failure to satisfy either prong defeats a court's continuing jurisdiction.

*Wilson v. Gouse*, supra at 890 (2), fn. 3. See also *Ex parte J. R. W.*, 667 S2d 74, 82 (Ala. 1994) (applying the two-prong test in Alabama). One prong of the PKPA test for continuing jurisdiction clearly has been satisfied here, since it is undisputed that Dr. Garrett remains a resident of Alabama. Insofar as the other prong of the PKPA test is con-

cerned, the Alabama court itself has determined that continuing jurisdiction exists under its state's laws. However,

> such determination does not foreclose an inquiry into the [Alabama] court's jurisdiction by this court. Section 1738A (f) implicitly imposes upon a court an independent obligation to determine whether the state which made the initial child custody determination continues to have jurisdiction under its own jurisdictional laws. [Cits.]

*Wilson v. Gouse*, supra at 890-891 (2), fn. 4. Nevertheless, the question of whether the Alabama court has continuing jurisdiction to modify its original decree is a question of Alabama law. *Wilson v. Gouse*, supra at 891 (3) (Ohio law determines the continuing jurisdiction of the courts of that state over child custody).

Alabama is among those states which have enacted the Uniform Child Custody Jurisdiction Act (UCCJA). Section 30-3-20 et seq. of Ala. Code of 1975. As enacted in Alabama, the UCCJA specifically provides that the courts of that state have modification jurisdiction so long as the child and at least one contestant have a "significant connection" with Alabama and there is "substantial evidence" available in Alabama regarding "the child's present or future care, protection, training, and personal relationships. . . ." Section 30-3-23 (a) (2) of Ala. Code of 1975. Thus, if Alabama has continuing jurisdiction to modify its original child custody decree under this provision of its UCCJA and has not declined to exercise that jurisdiction, Georgia is limited under the PKPA from exercising its jurisdiction to modify that decree. This is true without regard to whether Georgia also may have a "significant connection" as the current "home state" or whether "substantial evidence" likewise may be available here. OCGA § 19-9-54 (a).

In construing that provision of the UCCJA which is comparable to § 30-3-23 (a) (2) of the Alabama Code of 1975,

> [i]t appears that the majority of appellate courts . . . hold that the state in which the initial decree was entered has *exclusive* continuing jurisdiction to modify the initial decree if: (1) one of the parents continues to reside in the decree state; and (2) the child continues to have some connection with the decree state, such as visitation.

(Emphasis in original.) *Greenlaw v. Smith*, 869 P2d 1024, 1031 (Wash. 1994). Accordingly,

> "[a]lthough the new state becomes the child's home state, significant connection jurisdiction continues in the state of

the prior decree where the court record and other evidence exists and where one parent or another contestant continues to reside. Only when the child and all parties have moved away is deference to another state's continuing jurisdiction no longer required." [Cit.] . . . "The jurisdiction of [the decree] state . . . continues and is exclusive as long as [one contestant] lives in [the decree] state . . . unless he [or she] loses contact with the children, for example, by not using his [or her] visitation privileges for three years." [Cit.]

*Greenlaw v. Smith*, supra at 1030-1031. See also *McDow v. McDow*, 908 P2d 1049 (Alaska 1996); *Kumar v. Superior Court of Santa Clara County*, 652 P2d 1003 (Cal. 1982). It appears that Alabama, unlike Ohio, subscribes to this majority rule, whereby the courts of that state have continuing jurisdiction over custody matters so long as one parent has remained an Alabama resident and has continued to exercise child visitation rights in that state.

Alabama courts have "continuing preferred" jurisdiction over custody matters if the initial custody determination was entered with proper jurisdiction and either the child or either parent continues to reside in Alabama. [Cit.]

*Lyon v. Lyon*, 618 S2d 127, 129 (Ala. Civ. App. 1992). See also *Ex parte J. R. W.*, supra at 82 (wherein *Lyon*, supra, and *Kumar*, supra, are cited with approval). Accordingly, under Alabama law, the jurisdiction of that state's court would continue in this case, because the exercise of child visitation rights awarded by the Alabama court to Dr. Garrett results in a "significant connection" between that state and the child and "substantial evidence" exists in Alabama as to whether those child visitation rights awarded to Dr. Garrett should be modified because of the manner in which he is alleged to have exercised those rights in that state. This Court's decision in *Wilson v. Gouse*, supra, is totally consistent with, but factually distinguishable from, this case. In *Wilson*, we held that the Ohio court did not retain jurisdiction because: Ohio law, unlike Alabama law, provides that visitation with a resident parent does not establish a "significant connection" with that state; and, most of the relevant modification evidence was not to be found in Ohio. It follows that the Court of Appeals correctly held that Alabama law allows the assertion of continuing jurisdiction made by the Alabama court in this case.

3. There is no constitutional infirmity in the interpretation of the Alabama law so as to permit the courts of that state to exercise continuing jurisdiction under the circumstances which exist in this case. *Goldfarb v. Goldfarb*, 246 Ga. 24 (268 SE2d 648) (1980). See also

OCGA § 19-9-53; *Youmans v. Youmans*, 247 Ga. 529, 531 (276 SE2d 837) (1981); *Yearta v. Scroggins*, 245 Ga. 831, 832 (268 SE2d 151) (1980). Since the courts of Alabama have continuing jurisdiction and have not declined to exercise that jurisdiction, the PKPA limits the exercise of the Georgia court's jurisdiction to modify the original Alabama child custody decree. It follows that the Court of Appeals correctly affirmed the trial court's dismissal of Ms. Garrett's modification action.

*Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs specially.*

HUNSTEIN, Justice, concurring specially.

I agree with the majority's application and interpretation of the PKPA and that in this matter the Georgia trial court is limited from exercising its jurisdiction to modify the Alabama custody decree "if Alabama has continuing jurisdiction to modify its original child custody decree under [its enactment of the UCCJA] and has not declined to exercise that jurisdiction." I write separately to identify problems with the reasoning of the majority opinion and because I believe that the law of Alabama, which we are constrained to follow here, conflicts with the intent and purpose, if not the express language, of the PKPA and UCCJA.

28 USC § 1738A (d) provides:

> The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence of the child or of any contestant.

Subsection (c) (1) requires that the court have jurisdiction under its own state law. Accordingly, a court has continuing jurisdiction to modify its child custody orders if it has jurisdiction over the child custody matter under the law of that state and the child or any contestant continues to reside in that state.

Under § 30-3-23 of Alabama's enactment of the UCCJA, Alabama courts have jurisdiction to make a child custody determination by initial or modification decree if Alabama is the child's "home state" or had been the child's "home state" within six months before commencement of the custody proceedings, § 30-3-23 (1), the child is physically present in Alabama, § 30-3-23 (3), no other state has jurisdiction under similar jurisdictional prerequisites, § 30-3-23 (4), or

> It is in the best interest of the child that a court of [Alabama] assume jurisdiction because:

> a. The child and his parents or the child and at least one contestant, have a significant connection with [Alabama]; and
>
> b. There is available in [Alabama] substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

§ 30-3-23 (2).

In this case, the only basis for finding jurisdiction in the Alabama court pursuant to § 30-3-23 is subsection (2), as it is undisputed that the child resides in Georgia and Georgia is the child's "home state" as defined by the PKPA. See 28 USC § 1738A (b) (4). The majority recognizes this limitation then, relying on foreign authority, assumes that under Alabama's interpretation of subsection (2) a significant connection exists between Alabama and the child and at least one contestant and there is available in Alabama substantial evidence concerning the child's present or future care, protection and training, "so long as one parent remains an Alabama resident and has continued to exercise child visitation rights in that state."

I have found no authority and the majority cites to no Alabama authority for the proposition that under Alabama law the jurisdiction of that state's court continues because the exercise of child visitation rights in that state results in a "significant connection" to Alabama. Nor has there been any finding in this case by either the courts of Georgia or Alabama that there exists in Alabama "substantial evidence" as to whether those child visitation rights should be modified. I concur specially, however, because notwithstanding the statutory bases of jurisdiction provided in the UCCJA, Alabama courts have held that an Alabama court has jurisdiction to modify its own child custody order if the court *had* proper jurisdiction over the *initial* custody determination and either the child or a contestant continues to reside in Alabama. See, e.g., *Lyon v. Lyon*, 618 S2d 127, 129 (Ala. Civ. App. 1992); *Russo v. Myers*, 588 S2d 887 (Ala. Civ. App. 1990); *Cole v. Cooley*, 547 S2d 1187, 1188 (Ala. Civ. App. 1989); *Blankenship v. Blankenship*, 534 S2d 320, 321 (Ala. Civ. App. 1988). Because the Alabama trial court had jurisdiction over the initial child custody determination and Dr. Garrett continues to reside in Alabama, I agree that the Georgia trial court properly dismissed Ms. Garrett's Georgia child custody action.

Although required to follow the law of Alabama regarding the jurisdiction of its courts, I believe Alabama cases holding that courts of that state have continuing jurisdiction to modify a child custody order as long as the child or a contestant continues to reside in the

state are inconsistent with the PKPA and Alabama's enactment of the UCCJA. Section 30-3-21 of the Alabama Code states the intent of the Alabama legislature in enacting Article 30, including its intent to

(2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child; [and]

(3) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.

Similarly, the PKPA grants continuing jurisdiction to a court that *has* jurisdiction under its own state law and the child or a contestant continues to live in that state. Contrary to the holdings of *Lyon* and other Alabama cases, nothing in the PKPA or Alabama's UCCJA intimates that the court entering the initial custody decree has continuing jurisdiction as long as the court *had* proper jurisdiction at the time the initial custody decree was entered and the child or a contestant continues to reside in the state.[1] Compare *Russo*, supra at 888; *Cole*, supra at 1188 and *Moore v. Perez*, 428 S2d 113, 115 (Ala. Civ. App. 1983), all of which ignore the requirement of § 1738A (d) that a court *continue* to have jurisdiction over the child custody dispute and instead confer continuing jurisdiction if the court entering the initial decree *had* proper jurisdiction at the time the initial decree was entered, with *Wilson v. Gouse*, 263 Ga. 887 (3) (441 SE2d 57) (1994); *In re Biscoe*, 443 NW2d 221, 225 (Minn. App. 1989); *In re Jesus A.*, 546 NYS2d 284, 286-287 (N.Y. Fam. Ct. 1989); *In re Leyda*, 398 NW2d 815 (Iowa 1987); *Fielder v. Thorn*, 525 A2d 576, 580-581 (Del. Fam. Ct. 1987); and *Dennis v. Dennis*, 366 NW2d 474, 476-477 (N.D. 1985), which hold that a court has continuing jurisdiction under § 1738A (d) of the PKPA if the court *has* jurisdiction under its state jurisdictional law at the time the subsequent action is filed and one contestant continues to reside in that state.

Under the rationale applied in *Lyon*, an Alabama court has

---

[1] Although the physical presence of the child or the child and one contestant is not sufficient under Alabama law to confer jurisdiction on a court to make a child custody determination, § 30-3-23 (b), Alabama courts appear to have determined that the residence of one contestant is sufficient to confer jurisdiction regardless of the presence or absence of a "significant connection" between that state and the child.

exclusive continuing jurisdiction to modify a child custody order even if the child and one parent move out of state, have no contact with the state or the other parent and no visitation occurs in the state, as long as the other parent continues to reside in Alabama. See *Lyon,* supra at 129 (reversing trial court's finding of no jurisdiction over child custody dispute although child had lived in another state for at least a year); *Russo,* supra at 888 (Alabama had continuing jurisdiction because father resided in Alabama despite one and a half-year absence of child from state); *Robertson v. Robertson,* 532 S2d 1014, 1016 (Ala. Civ. App. 1988) (continuing jurisdiction in Alabama court despite child's four-year absence from state); *Moore,* supra at 115 (continuing jurisdiction in Alabama court although children moved from Alabama and had no contact with Alabama for at least two years). Such a result is contrary to both the UCCJA's stated purpose of assuring that child custody disputes are decided in the state with which the child and his family have the closest connection and where significant evidence exists concerning the welfare of the child and the express language of the PKPA conferring continuing jurisdiction not to a court which *had* jurisdiction but to a court which continues to *have* jurisdiction under its own state law.

DECIDED OCTOBER 15, 1996 —
RECONSIDERATION DENIED DECEMBER 5, 1996.

*Weekes & Candler, Terri A. Candler, Margaret C. Courtright,* for appellant.
*Lawler & Tanner, Nancy F. Lawler, Stephen E. Boswell,* for appellee.