## S97A0469. FERGUSON v. FERGUSON.
### (485 SE2d 475)

THOMPSON, Justice.

We granted an application for discretionary appeal in an action for modification of child support under OCGA § 19-6-15 (e) and (f),[1] to consider whether:

> A custodial parent seeking to extend child support payments for a child who has reached the age of majority but has not completed his or her secondary education must file the modification action before the child turns eighteen?

We answer in the negative, and reverse the judgment of the trial court dismissing the complaint.

In 1990, mother brought a complaint for separate maintenance which resulted in an order awarding her custody of the parties' one minor child, and requiring father to pay $125 per week in child support "until the child reaches the age of 18, becomes self-supporting, marries, or dies, whichever first occurs." A final judgment and decree of divorce was entered in October 1992, incorporating the custody and support provisions of the separate maintenance order.

One month after the child's eighteenth birthday, mother filed a complaint for modification of child support under OCGA § 19-6-15 (e) and (f), asserting that there has been a change in financial circumstances necessitating additional support for the maintenance and education of the child. It was shown that the child is enrolled in and attending secondary school, and that she has not yet attained the age of 20, married, or become emancipated. Father denied any obligation to pay child support beyond the child's eighteenth birthday, and he

---

[1] OCGA § 19-6-15 (e) provides:

The duty to provide support for a minor child shall continue until the child reaches the age of majority, dies, marries, or becomes emancipated, whichever first occurs; provided, however, that, in any temporary or final order for child support with respect to any proceeding for divorce, separate maintenance, legitimacy, or paternity entered on or after July 1, 1992, the trier of fact, in the exercise of sound discretion, may direct either or both parents to provide financial assistance to a child who has not previously married or become emancipated, who is enrolled in and attending a secondary school, and who has attained the age of majority before completing his or her secondary school education, provided that such financial assistance shall not be required after a child attains 20 years of age. The provisions for support provided in this subsection may be enforced by either parent or the child for whose benefit the support is ordered.

OCGA § 19-6-15 (f) provides:

The provisions of subsection (e) of this Code section shall be applicable only to a temporary order or final decree for divorce, separate maintenance, legitimation, or paternity entered on or after July 1, 1992, and the same shall be applicable to an action for modification of a decree entered in such an action entered on or after July 1, 1992, only upon a showing of a significant change of material circumstances.

moved to dismiss the complaint. The trial court granted the motion to dismiss.

1. The cardinal rule of statutory construction is to ascertain the legislative intent and purpose in enacting the law and to construe the statute to effectuate that intent. *City of Roswell v. City of Atlanta,* 261 Ga. 657 (1) (410 SE2d 28) (1991). The legislative purpose, as stated in the preamble to OCGA § 19-6-15 (e), is to "authorize a trier of fact, in the exercise of sound discretion, to order either or both parents to continue to provide financial assistance to a child who has reached the age of majority to enable a child to complete his or her secondary school education. . . ." Ga. L. 1992, p. 1833. Nowhere in the statute or in the stated legislative intent is there a requirement that the modification petition be brought prior to the child's eighteenth birthday, and we perceive no legitimate governmental interest in imposing such a requirement. On the contrary, under the plain language of the statute, child support obligations may be extended under certain circumstances for "a child who has attained the age of majority," and that obligation will terminate "after a child attains 20 years of age." It is certainly conceivable that a child who is otherwise eligible for extended support under the statute may not require that financial assistance until after reaching the age of 18. Father has not shown, nor do we perceive, any rationale consistent with the legislative purpose (enabling a child to complete a secondary school education), to bar such a request simply because it occurs after a child's eighteenth birthday.

2. Nor was the trial court correct in its conclusion that child support obligations may be extended under OCGA § 19-6-15 (e) and (f), "only if provision has been made for such a possibility in the temporary or final order." Subsection (f) makes subsection (e) applicable to an action for modification of a final decree of divorce entered on or after July 1, 1992, upon a showing of significant change of material circumstances. The statutory language being plain and unequivocal, any contrary judicial construction is unauthorized. *Housing Auth. of Savannah v. Greene,* 259 Ga. 435 (4) (383 SE2d 867) (1989).

3. Finally, father asserts that the claim is barred because the separation agreement, which was incorporated in the final judgment and decree, was entered into before the effective date of OCGA § 19-6-15 (e). In *Honey v. Honey,* 263 Ga. 722 (438 SE2d 87) (1994), we held that the plain language of OCGA § 19-6-15 (f) precludes a divorce decree entered before July 1, 1992, from being modified under subsections (e) and (f). See also *Cote v. Waldrop,* 263 Ga. 752 (438 SE2d 630) (1994). In the present case, although the separate maintenance order predated the effective date of the statute, the final judgment and decree of divorce did not. "[W]hen a petition for divorce is filed after a separate maintenance order has been entered,

an order for [support] entered in the divorce case shall be a substitute for the separate maintenance order." *Browne v. Browne,* 242 Ga. 107 (249 SE2d 594) (1978). The separate maintenance order was "entirely superseded," id., by the final judgment of divorce, which was entered after the effective date of OCGA § 19-6-15 (e) and (f). See also *Southworth v. Southworth,* 265 Ga. 671 (1) (461 SE2d 215) (1995). Since the modification action was properly brought under subsection (f), it follows that the trial court erred in granting the motion to dismiss and in failing to consider the merits of the complaint.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 28, 1997.

*Charles P. Taylor,* for appellant.
*Pamela M. Richards-Greenway,* for appellee.