A00A1739. BONAR v. BONAR.
(539 SE2d 521)

JOHNSON, Chief Judge.

David Bonar appeals from an order of the Superior Court of Stewart County, Georgia, modifying his visitation rights. He contends that the Georgia court lacked jurisdiction to modify the decree entered by the Louisiana court. We agree and reverse the judgment of the trial court.

Kimberly Bonar filed for divorce from David Bonar in Louisiana on July 30, 1997. On August 18, 1997, the trial court entered a consent judgment, which provided that the parties' two minor children would live primarily with Kimberly Bonar in Georgia, and set out a schedule by which they would visit David Bonar. The final judgment of divorce was entered in March 1998.

On August 5, 1998, the court ruled on a motion for contempt and to specify conditions of visitation filed by David Bonar. In the order, the trial court specified a visitation schedule and expressly provided that "[t]he [Louisiana] Court retains continuing, exclusive jurisdiction of the case under the provisions of La. R.S. 13:355.17, to enforce the terms of custody and visitation and to resolve any future disputes."[1]

---

[8] See id.; *Stroud v. State*, 176 Ga. App. 300, 301-302 (2) (335 SE2d 678) (1985).

[9] See *Williams v. State*, 231 Ga. App. 123, 124, n. 3 (497 SE2d 660) (1998).

[1] Although the trial court cited La. R.S. *13*:355.17, it apparently intended to cite La. R.S. *9*:355.17, inasmuch as the latter statute concerns continuing, exclusive jurisdiction, and *13*:355.17 is nonexistent.

In September 1998, after she had moved with the children to Georgia, Kimberly Bonar filed a petition in Stewart County, Georgia, seeking to modify David Bonar's visitation rights. David Bonar, who had remained in Louisiana, challenged the subject matter jurisdiction of the court. The trial court found that it had jurisdiction, but denied Kimberly Bonar's petition, finding that there had been no material change of circumstances and also that it was without jurisdiction to consider the matter because the Louisiana court had considered the issue less than two years before Kimberly Bonar filed the petition to modify the decree.

In January 2000, Kimberly Bonar filed another petition to modify visitation in Stewart County, Georgia. Again, David Bonar challenged jurisdiction. After determining that it had jurisdiction over the case, the Georgia court granted Kimberly Bonar's petition to modify visitation. We granted David Bonar's application for discretionary appeal.

1. The federal Parental Kidnapping Prevention Act ("PKPA")[2] applies in all interstate child custody disputes and provides uniform guidelines for resolving such disputes.[3] The PKPA imposes on states a duty, under standards derived from the Uniform Child Custody Jurisdiction Act, to give full faith and credit to a custody decree of another state.[4] The PKPA limits when a state, which would otherwise have jurisdiction over a child custody dispute, may modify the custody order of another state.[5]

Under the PKPA, a court of one state can modify the child custody order of another state's court only if: (1) it has jurisdiction to make such a child custody determination; *and* (2) the court of the other state no longer has jurisdiction or has declined to exercise its jurisdiction.[6]

The first part of the test is satisfied. The Georgia court clearly had jurisdiction to modify the Louisiana judgment, since Georgia was the children's home state at the time the modification petition was filed.[7] Resolution of this case, therefore, depends upon whether the Louisiana court has continuing jurisdiction over the subject matter. If the Louisiana court has continuing jurisdiction and has not declined to exercise that jurisdiction, Georgia's courts lack jurisdiction to modify the Louisiana court's custody order.

According to the PKPA, the Louisiana court still has jurisdiction

---

[2] 28 USC § 1738A.

[3] *Wilson v. Gouse*, 263 Ga. 887, 889 (1) (441 SE2d 57) (1994); *Henderson v. Justice*, 237 Ga. App. 284, 289 (3) (514 SE2d 713) (1999).

[4] Id.

[5] *Garrett v. Garrett*, 267 Ga. 356, 357 (477 SE2d 804) (1996).

[6] 28 USC § 1738A (f); *Henderson*, supra.

[7] OCGA § 19-9-43 (a) (1) (A).

to modify its custody order so long as jurisdiction continues under the laws of Louisiana and Louisiana remains the state of residence of the children or either parent.[8] Because David Bonar is a Louisiana resident, the only question remaining is whether jurisdiction continues under Louisiana law.

Under Louisiana law, "[i]f the court grants authorization to relocate, the court may retain continuing, exclusive jurisdiction of the case after relocation of the child as long as the non-relocating parent remains in the state."[9] In this case, the Louisiana court has continuing jurisdiction because it authorized the relocation and David Bonar remained a resident of the state. Moreover, the fact that the Louisiana court intended to retain jurisdiction is evidenced by the express terms of its judgment, which refer to the state's continuing jurisdiction statute. That Georgia also may have a "significant connection" as the current "home state" or because "substantial evidence" may be available here does not change the fact that Louisiana retained continuing jurisdiction over the case.[10]

We disagree with Kimberly Bonar's contention that certain appellate court decisions require a contrary result. The cases upon which she relies either do not involve Louisiana law or were decided under the law as it existed before Louisiana's recently enacted "continuing jurisdiction" statute became effective.[11]

2. We also disagree with Kimberly Bonar's assertion that, because the jurisdiction issue was already decided adversely to David Bonar in the earlier case, he is precluded from challenging jurisdiction in this case. Although the basis for her argument is not clear, she apparently relies on the "law of the case" rule. That reliance is misplaced, however, since that rule only applies to rulings by the Supreme Court or the Court of Appeals,[12] and the previous case was not considered by an appellate court.

Furthermore, the issue of whether the Georgia court has jurisdiction is only one of two prongs which must be considered in these cases.[13] In its order in the first action, the trial court did not address the second prong of the PKPA, which is whether the Louisiana court has continuing jurisdiction or has declined to exercise jurisdiction.

3. Finally, Kimberly Bonar's argument that we should not consider Louisiana law because David Bonar did not properly introduce

---

[8] See *Garrett*, supra at 357 (2).

[9] La. R.S. 9:355.17.

[10] *Garrett*, supra at 358 (2).

[11] La. R.S. 9:355.17 (providing that the court may retain continuing, exclusive jurisdiction of the case as long as the nonrelocating parent remains in Louisiana) was enacted in 1997 and applies to, inter alia, custody/visitation orders issued on or after August 15, 1997.

[12] See *Bruce v. Garges*, 259 Ga. 268, 270 (2) (379 SE2d 783) (1989).

[13] See *Garrett*, supra at 357-358 (2).

the foreign law is without merit. Under the terms of the PKPA, the law of Louisiana is relevant in deciding whether that state still has jurisdiction over the case. Moreover, David Bonar put Kimberly Bonar on notice of his intent to rely on foreign law in his answer to the petition.[14] And, Kimberly Bonar has herself relied upon foreign law in responding to David Bonar's appeal. Therefore, we are not required to presume that the law in Louisiana is the same as that of Georgia.

4. Because the trial court lacked authority to consider the merits of the petition for the reasons set out above, the judgment must be reversed. The case is remanded to the trial court with direction that it dispose of the matter in a manner consistent with this opinion.

*Judgment reversed and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 14, 2000.

*McKelvey & Calhoun, Howard S. McKelvey, Jr.*, for appellant.
*Bowles & Bowles, Jesse G. Bowles III*, for appellee.

